Henry J. Williams, Sr., Plaintiff

against
Jackson National Life Insurance Company of New York, Jackson National, Life Insurance Company, Henry J. Williams, Jr., JPMorgan Chase Bank, as aquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver, Bank of America, N.A., and M & T Bank Corporation, Defendants


2008/6666

Brown & Hutchinson
Michael Cobbs, Esq.
Attorneys for Plaintiff
Melvin & Melvin, PLLC
Louis Levine, Esq.
Attorneys for Defendant JPMorgan
Trevett Cristo Salzer & Andolina, P.C.
Melanie S. Wolk, Esq.
Attorneys for Jackson Defendants


Matthew A. Rosenbaum, J.

Defendant, JPMorgan Chase Bank, as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as receiver, moves for an order extending the time required for the filing of a trial term note of issue, and further [*2]compelling Defendant Jackson National Life Insurance Company of New York and Jackson National Life Insurance Company to produce a witness for deposition who is competent to answer questions concerning the relevant issues.
On March 6, 2013, the Jackson Defendants produced Kevin Marble for a deposition. While Mr. Marble had some knowledge of this case, he was unable to testify to the security procedures of the Jackson Defendants. A pre-trial conference was held on March 15, 2013. Plaintiff's Counsel and Counsel for JPMorgan stated to the Court that a second witness from the Jackson Defendants with the requisite knowledge was needed.
On April 16, 2013, the Court issued a Scheduling Order. Within 30 days of the order the Jackson Defendants were to identify a representative with the requisite knowledge. The Scheduling Order further provided that discovery was to be completed by September 30, 2013, and the Note of Issue was to be filed by October 31, 2013. The Scheduling Order was not served on counsel until July 2, 2013, and no requisite witness has yet been identified. On August 21, 2013, counsel for JPMorgan emailed counsel for the Jackson Defendants and requested a suitable witness. 
The deposition for the second witness, Michael Mulvaney, was scheduled for September 27, 2013. Mr. Mulvaney testified that he was not familiar with the security procedures. On October 4, 2013, counsel to JPMorgan wrote to counsel to the Jackson Defendants and stated that a motion to compel would be filed unless the Jackson Defendants would stipulate to producing the requisite witness. On October 25, 2013, counsel for the Jackson Defendants consented to produce another witness. A stipulation was forwarded to counsel for the Jackson Defendants on January 17, 2014. Counsel for the Jackson Defendants requested changes but never made the changes (though invited to do so) and did not return the stipulation. 
A Notice of Examination Before Trial was served on February 22, 2014. Counsel for JPMorgan thereafter inquired to counsel for the Jackson Defendants as to when the deposition could occur. No response was received. 
Counsel for the Jackson Defendants states that sufficient documentary evidence has been provided and notes that the Jackson Defendants have already produced two witnesses to testify. The Jackson Defendants argue that the information sought by Chase is immaterial, as the guidelines at the time of the incidents giving rise to this litigation have been disclosed. It is alleged that the Jackson Defendants have disclosed the guidelines as the ones used by them at the relevant time and that it does not matter who composed them or the rationale therefor.
The Jackson Defendants have disclosed 794 pages of interrogatory responses and documents. Included therein was the Current Verification Guidelines dated August 11, 2006. The Jackson Defendants argue that the policies, rules, and regulations have been provided in writing and contend that there is nothing a witness could provide through testimony that the documents do not already provide. 
As to the request for a witness to state how the Jackson Defendants acquired Exhibits 16, 17, 19, 20, 23, 30, and 31, the Jackson Defendants argue that Mr. Marble testified as to several documents and the remaining inquiry could be dealt with through interrogatories. 
JPMorgan requests a witness to testify as to how audio recordings were made. The Jackson Defendants note that the audio CD has been produced, as well as written memoranda concerning voice communications relative to Plaintiff's account. Again, the Jackson Defendants [*3]contend that interrogatories could achieve the result sought. 
Finally, as to Interrogatory 13, the Jackson Defendants state that the Plaintiff's testimony, together with the other documentation provided constitutes all of the information the Jackson Defendants have relative to the Interrogatory. 
CPLR §3124 states: "If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response." As a penalty for refusal to comply with discovery demands, CPLR §3126 permits a court to issue various forms of relief. 
The motion to compel is denied without prejudice. As the Jackson Defendants have produced substantial documentation and have produced two witnesses already for deposition, the Court denies the motion and encourages JPMorgan to seek the information sought via interrogatories. Once that avenue has been exhausted, the parties should contact the Court for a conference to ascertain whether the interrogatories left any relevant requests unanswered.
The motion to extend the discovery deadlines and the time to file the Note of Issue is granted. Any other pending requests are denied.
Signed at Rochester, New York this 22nd day of April, 2016.
Matthew A. Rosenbaum
Supreme Court Justice